[No. 16948.   Department Two.   April 3, 1922.]

ERIC RAMLO, *Respondent*, v. FIVE-HUNDRED TAXICAB COMPANY, *Appellant*.[1]

CARRIERS (95) — CONTRIBUTORY NEGLIGENCE — EVIDENCE — SUFFI-
CIENCY.  The contributory negligence of a passenger in a taxicab,
thrown through a glass partition, is not shown by the testimony
of the driver that a third person had said plaintiff would not have
gone through the glass if he had been sitting properly.

Appeal from a judgment of the superior court for Spokane county, Webster, J., entered August 23, 1921, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by a passenger in a taxicab.   Affirmed.

*McCarthy, Edge & Lantz,* for appellant.
*Groff & Davis,* for respondent.

MACKINTOSH, J.—The respondent, who was a passenger in one of the appellant's taxicabs, sues for injuries to his person and clothing received in an accident which occurred while he was returning home from a road house at five o'clock on Sunday morning.   The appellant set up a defense of contributory negligence, claiming that the respondent was intoxicated and while in that condition stood up in the cab while it was in motion, and that the injuries he suffered were the result of his staggering through a glass partition.   Verdict was returned for $500.

Appellant alleges three errors; the first two of these errors relate to instructions given upon the appellant's affirmative defense.   We have carefully read all the testimony in the case and find nothing in it which entitles the appellant to any instruction upon contribu-

[1]Reported in 206 Pac. 20.

tory negligence, as there was no evidence establishing such negligence. The driver of the cab testified that he could not see what was going on behind him. The testimony of the respondent and his companions was that he was seated in the proper manner and place and that the accident did not occur as alleged in the affirmative defense. The only testimony which might at all substantiate the allegations of the affirmative defense was the testimony of the driver, who said that one of respondent's companions said, in the presence of the respondent, "If Ramlo had been sitting—I do not know he said 'sitting'—like he ought to or something like that he never would have gone through that glass." This one bit of testimony was not sufficient to justify the court submitting any instructions upon the question of contributory negligence. It is therefore unnecessary to determine whether the instructions given were technically correct or not.

The only other error alleged is that the verdict is excessive. We cannot say this, and the judgment is affirmed.

PARKER, C. J., MAIN, HOLCOMB, and HOVEY, JJ., concur.